# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| DIEMETRIUS ANTONIO JOHNSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 11-1112-JWL** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security

(hereinafter Commissioner) denying Social Security disability benefits (SSD) under

sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423

(hereinafter the Act). Finding no error as alleged by Plaintiff, the court ORDERS that

judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g)

AFFIRMING the decision of the Commissioner.

## I.      Background

Plaintiff applied for SSD on May 12, 2008, alleging disability beginning October

1, 2006.  (R. 13, 95-98).  The application was denied initially and upon reconsideration,

and Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (R. 13, 52-

53, 66-67).  Plaintiff's request was granted, and Plaintiff appeared for a hearing before

ALJ William H. Rima on July 9, 2009.  (R. 13, 25-26).  At the hearing, Plaintiff was

represented by a non-attorney representative, and Plaintiff was the only witness.  (R. 13,

25-51).  Thereafter, ALJ Rima notified Plaintiff's representative of his intent to propound

interrogatories to a medical expert, secured the answers from the expert, and proffered

those answers to Plaintiff's representative.  (R. 210-27, 476-87).  He also admitted into

the record a Functional Capacity Evaluation (FCE) submitted by Plaintiff's

representative.  (R. 488-96).  When Plaintiff failed to respond to the interrogatory answers

within "considerably more than 10 days" which were allowed for such response, the ALJ

issued his decision in the case on January 22, 2010.  (R. 13).

In the decision, the ALJ found that Plaintiff has not engaged in substantial gainful

activity since his alleged onset date and that he has severe impairments within the

meaning of the Act, including degenerative disk disease, obesity, and a history of:

headaches, right ankle contusion, and substance abuse.  (R. 15).  He determined that

Plaintiff's impairments, individually or in combination, do not meet or medically equal

the severity of a Listed Impairment, and he assessed Plaintiff with the residual functional

capacity (RFC) for a range of medium work limited to only occasional kneeling,

crouching, crawling, stooping, and climbing ramps/stairs; a need to avoid certain hazards;

and the inability to climb ladders, ropes, and scaffolds.  (R. 17, 18).

The ALJ determined that Plaintiff's "statements concerning the intensity,

persistence and limiting effects of [his] symptoms and allegations of disability are not

credible."  (R. 22).  The ALJ considered the opinion evidence, and accorded "the most

weight" to the medical opinion of the medical expert, expressed in answers to

interrogatories, and "substantial weight" to the medical opinions of the state agency

medical consultants.  (R. 20, 21).  He accorded "little weight" to the opinions of

Plaintiff's wife and his physical therapist, and to the medical opinion of Plaintiff's

treating physician.  (R. 20-21, 21-22).  He determined that Plaintiff is unable to perform

his past relevant work but that when considering his age, education, work experience, and

RFC, "there are jobs that exist in significant numbers in the national economy that the

claimant can perform."  (R. 22, 23).  Therefore, he concluded that Plaintiff is not disabled

within the meaning of the Act, and denied his application.  (R. 23-24).

Plaintiff sought, but was denied review of the decision by the Appeals Council.

(R. 1-9).  Therefore, the ALJ's decision became the final decision of the Commissioner of

Social Security.  (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff,

represented by counsel before this court, timely filed this case, seeking judicial review of

the Commissioner's decision.  (Doc. 1).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi,

422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048,

1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d

1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C.

§ 405(g)).  Section 405(g) of the Act provides for review of a final decision of the

Commissioner made after a hearing in which the Plaintiff was a party.  It also provides

that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C.

§§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity

that he is not only unable to perform his past relevant work, but cannot, considering his

age, education, and work experience, engage in any other substantial gainful work

existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability.  20

C.F.R. § 404.1520 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing

Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be

made at any of the steps that a claimant is or is not disabled, evaluation under a

subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at

1084).  In the first three steps, the Commissioner determines whether claimant has

engaged in substantial gainful activity since the alleged onset, whether he has a severe

impairment(s), and whether the severity of his impairment(s) meets or equals the severity

of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).

Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses

claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and

step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--

determining whether claimant can perform past relevant work; and whether, considering

vocational factors of age, education, and work experience, claimant is able to perform

other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).

In steps one through four, the burden is on claimant to prove a disability that prevents

performance of past relevant work.  Blea, 466 F.3d at 907; accord, Dikeman v. Halter,

245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the

burden shifts to the Commissioner to show that there are jobs in the economy within

Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

In Plaintiff's somewhat confusing and disjointed brief, the court discerns three

claims of error.  (Pl. Br. 12-16).  First, Plaintiff claims the ALJ erroneously "eliminated"

or ignored the Medical Source Statement (medical opinion) of his treating physician, Dr.

Moser, and that the opinion should have been accorded controlling weight.  Then, he

claims the failure to secure vocational expert testimony was an "abuse of procedural

process" which prevented consideration of how much erosion of the occupational bases

would be caused by the limitations presented in Dr. Moser's opinion, and thereby

excluded crucial evidence from consideration.  Finally, he claims the elimination of Dr.

Moser's opinion resulted in the ALJ substituting his medical judgment for that of

Plaintiff's treating physician.  The Commissioner argues that the ALJ properly considered

the opinion evidence including the opinion of Dr. Moser, and that substantial record

evidence supports that evaluation.  (Comm'r Br. 8-16).  He argues that the ALJ properly

assessed Plaintiff's RFC without substituting his opinion for that of the physicians and

that he properly relied upon the Medical-Vocational Guidelines without seeking

vocational expert testimony.  (Comm'r Br. 15, 17-18).

The court is in substantial agreement with the Commissioner.  Because all of

Plaintiff's arguments rest upon the assertion that the ALJ erroneously "eliminated" or

ignored Dr. Moser's opinion, the court begins its analysis with consideration of the ALJ's

evaluation of Dr. Moser's opinion.

### III.     The ALJ Properly Discounted Dr. Moser's Opinion

Contrary to Plaintiff's suggestion that the ALJ "eliminated" Dr. Moser's Medical

Source Statement, the decision contains the ALJ's summary of the limitations presented

in that report, and his determination that the opinion was unworthy of controlling weight

and would be accorded "little weight."  (R. 20-21).  With regard to the limitations opined

by the physician, the ALJ provided this summary:

> Dr. Moser completed a Physical Medical Source Opinion Questionnaire in
> which he opined that the claimant could lift and carry 10 pounds rarely;
> could stand and/or walk for a total of less than 2 hours in an 8-hour
> workday; could sit for a total of less than 2 hours in an 8-hour workday;
> would need to change positions and take a break every 5 to 10 minutes;
> could never stoop, crouch, or climb ladders; and rarely twist or climb stairs;
> had significant limitations in repetitive reaching, handling or fingering; and
> would likely miss on average more than four days per month.

(R. 21) (citing Ex. 12F (R. 412-17)).  The court's review finds that this is a fair summary

of Dr. Moser's opinion.  Moreover, the decision reveals that the ALJ's consideration and

discussion of Dr. Moser's treatment was much more extensive than Plaintiff's brief

suggests.  In his step two analysis, the ALJ discussed Dr. Moser's treatment of Plaintiff's

carpal tunnel syndrome and his treatment of Plaintiff's depression.  (R. 16).  In his RFC

assessment, the ALJ dedicated extensive portions of two pages of his decision to discussion, analysis, and weighing of Dr. Moser's medical opinion.  (R. 20-21).

The ALJ discounted Dr. Moser's opinion because "the opinion contrasts so sharply with [Dr. Moser's] own treatment notes as to lack credibility;" because in 2008 Dr. Moser released Plaintiff to work with no restrictions; and because "Dr. Moser's opinion concerning manipulative limitations is wholly without support."  (R. 21).  He concluded, "There simply is no credible support in the record for Dr. Moser's opinion that the claimant is so drastically limited in his abilities.  Dr. Moser's opinion is poorly supported; internally inconsistent with his own treatment notes; and inconsistent with the record as a whole; therefore I have given it little weight."  Id.  The reasons given by the ALJ to discount Dr. Moser's opinion are supported by the record evidence, and beyond Dr. Moser's statement itself, and the medical records produced immediately after his automobile accident in August 2007, Plaintiff makes no attempt to point to evidence in the record which is contrary to the ALJ's determination.  The ALJ acknowledged Plaintiff's automobile accident, but noted record evidence that Plaintiff's condition improved shortly thereafter.  Plaintiff points to a treatment history showing thirteen visits in twenty months, and argues broadly that Dr. Moser's opinion should have been given controlling weight.  However, the ALJ recognized that Dr. Moser was a treating physician and explained the basis for his determination that nonetheless the opinions of the medical expert and the state agency consultants outweigh the opinion of Dr. Moser.

8

Because Plaintiff has not shown error in the ALJ's evaluation of Dr. Moser's opinion, he cannot prevail on his argument that the opinion was crucial evidence necessitating vocational expert testimony regarding the extent of erosion of the occupational bases caused by the limitations Dr. Moser proposed.  However, the court will briefly address Plaintiff's claim that after the ALJ "eliminated" Dr. Moser's opinion, his assessment of Plaintiff RFC constituted merely substituting the ALJ's lay opinion for the medical judgment of a physician.

## IV.   The ALJ's RFC Assessment Does not Constitute Substituting His Lay Opinion for the Medical Judgment of a Physician

Noting that an ALJ is an attorney who is neither an "acceptable medical source," nor qualified as a medical expert, Plaintiff claims that "[b]y improperly eliminating the treating source . . . medical opinion of Scott E. Moser, the ALJ effectively substituted his judgment for that of Plaintiff's treating provider."  (Pl. Br. 14).  The Commissioner argues that the ALJ did not substitute his judgment for that of a treating source, but properly assessed Plaintiff's RFC after thoroughly reviewing the record, and that the ALJ's assessment is supported by substantial record evidence, including the opinions of the state agency consultants, and the medical expert.  (Comm'r Br. 15).

To be sure, it is error for an ALJ to substitute his medical judgment for that of a physician.  Winfrey v. Chater, 92 F.3d 1017, 1022 (10th Cir. 1996).  Nevertheless, the court agrees with the Commissioner that the ALJ's RFC assessment here rests upon consideration of all relevant evidence in the record, including the medical records,

Plaintiff's daily activities, and his improvement after his motor vehicle accident, and was not merely the ALJ's substitution of his judgment for that of Dr. Moser.  Additionally, the court notes that the very basis of Plaintiff's argument is without merit.  Although an ALJ is not an acceptable medical source qualified to render a medical opinion, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004).  "And the ALJ's RFC assessment is an administrative, rather than a medical determination."  McDonald v. Astrue, No. 11-1263, slip op. at 21, 2012 WL 2989935 (10th Cir. July 23, 2012) (citing Social Security Ruling (SSR) 96-05p, 1996 WL 374183, at *5 (July 1996)).  Moreover, to the extent Plaintiff may be arguing that each RFC limitation assessed by an ALJ must correspond to specific, affirmative, medical evidence in the record, the Tenth Circuit recently laid that idea to rest.  Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012) ("there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion") (citing Howard, 379 F.3d at 949; Wall, 561 F.3d at 1068-69).  The court finds that the ALJ discounted the opinion of Dr. Moser and assessed Plaintiff's RFC based upon all of the relevant record evidence, but he did not substitute his medical judgment for that of Dr. Moser.

Plaintiff has shown no error in the ALJ's decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the decision of the Commissioner.

Dated this 25th day of July 2012, at Kansas City, Kansas.



s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**